UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――x

COURTNEY STORY, K.S.H., by his mother and
natural guardian, COURTNEY STORY,
K.M.H., by her mother and natural guardian,
COURTNEY STORY, and K.W., by her mother        No. 18 Civ. 5535
and natural guardian, SHARONE CAMPBELL,
                                                **COMPLAINT AND**
                Plaintiffs,                     **JURY DEMAND**

        -against-

CITY OF NEW YORK, SERGEANT JOSE
CAPELLA, POLICE OFFICER MOAHMMAD
UDDIN, SERGEANT "JOHN" BOLLER, and
JOHN AND JANE DOE POLICE OFFICERS 1-15,

                Defendants.
―――――――――――――――――――――――――x

        Plaintiffs Courtney Story, K.S.H., K.M.H., and K.W., by and through their attorneys, Cuti Hecker Wang LLP, for their Complaint allege as follows:

## NATURE OF THE ACTION

        1.      On March 25, 2017, Plaintiff Courtney Story hosted a surprise party at her apartment for her sister's birthday. The gathering consisted of close friends and relatives, many of whom were young children.

        2.      The party was proceeding without incident inside of Plaintiff Story's apartment when New York City Police Department ("NYPD") officers allegedly encountered a guest from the party smoking marijuana in a stairwell outside of the apartment.

        3.      After placing that guest under arrest in the building's public stairwell, multiple NYPD officers forced their way into Plaintiff's apartment, without justification or consent, and

1

assaulted, battered, and terrified people attending the party who had done absolutely nothing wrong.

4. Defendants' unlawful entry into Plaintiff Story's home and excessive use of force once inside caused an honors student to suffer a concussion, a young girl to experience an asthma attack, innocent bystanders to be struck and kicked, and the destruction of property.

5. The intrusion and violence perpetrated by Defendants left Plaintiffs physically injured and seriously emotionally harmed. Plaintiffs seek redress for Defendants' unconstitutional and otherwise unlawful conduct.

## JURISDICTION AND VENUE

6. This action arises under the United States Constitution, 42 U.S.C. §§ 1983 and 1988, Article I, § 12 of the New York State Constitution, and New York common law.

7. This Court has jurisdiction pursuant to 28 U.SC. §§ 1331, 1343(a), and 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff Courtney Story resides on East 106th Street in New York, New York.

10. Plaintiff K.S.H., who is presently sixteen years old, resides on East 106th Street in New York, New York.

11. Plaintiff K.M.H., who is presently ten years old, resides on East 106th Street in New York, New York.

12. Plaintiff K.W., who is presently seventeen years old, resides on East 179th Street in the Bronx, New York.

13. Defendant City of New York ("City") was and is a municipality that is a political subdivision of the State of New York. At all times relevant hereto, defendant New York City,

acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein.  In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and State of New York.

14. At all times relevant hereto, Defendant Sergeant Jose Capella was a sergeant employed by the NYPD, acting in the capacity of an agent, servant and employee of defendant City, and within the scope of his employment as such.

15. At all times relevant hereto, Defendant Police Officer Moahmmad Uddin was a police officer employed by the NYPD, acting in the capacity of an agent, servant and employee of defendant City, and within the scope of his employment as such.

16. At all times relevant hereto, Defendant Sergeant "John" Boller was a sergeant employed by the NYPD, acting in the capacity of an agent, servant and employee of defendant City, and within the scope of his employment as such.  Defendant Boller is sued under the fictitious designation "John" because his first name and badge numbers are not known to Plaintiffs despite reasonable efforts to obtain such information.

17. At all times relevant hereto, defendant John and Jane Doe Police Officers 1-15 (the "Doe Defendants"), whose actual names and badge numbers are not known to Plaintiffs despite reasonable efforts to obtain such information, and who are sued herein by the fictitious designation of "John and Jane Doe," were police officers and members of the NYPD.  With regard to all relevant events, the Doe Defendants were acting within the scope of their capacity as agents, servants, and employees of the City.

18.     At all relevant times, Defendants Capella, Uddin, Boller and the Doe Defendants (collectively, the "Officer Defendants") were acting under color of state law.

## JURY DEMAND

19.     Plaintiffs hereby demand a trial by jury on all of their claims in this action.

## FACTUAL ALLEGATIONS

20.     On the evening of March 25, 2017, Plaintiff Courtney Story hosted a surprise birthday party for her sister at her apartment on East 106th Street in Manhattan.

21.     Approximately 15-20 people attended the event, all of whom were relatives or close friends of relatives.

22.     Many of the guests at the party were children, including multiple children under the age of ten.

23.     Nobody at the party was intoxicated, the gathering was not loud, and no illegal drugs of any kind were consumed inside Plaintiff Story's apartment.

24.     Plaintiff Story resides in a public housing development operated by the New York City Housing Authority.

25.     At approximately 11:00 p.m., officers patrolling the building encountered two guests from the party, both of whom were male teenagers, in a public stairwell.

26.     The stairwell was separated from the interior of Plaintiff Story's apartment by two doors:  one door leading to the stairwell, and the front door of the apartment.

27.     As the officers in the stairwell interacted with the two teenagers from the party, other guests heard noise coming from outside of the apartment and went to see what was happening.

28. Felicia Story – the mother of one of the guests in the stairwell and the woman whose birthday was being celebrated – walked toward the stairwell to encourage her son to cooperate with the police. Her brother, Herbert Story, also came outside to assist the police.

29. As the arrest unfolded in the stairwell, additional officers, both in uniform and plain clothes, began arriving at the scene.

30. Officers emerged from both the elevator and the stairwell and converged on the floor of the building where Plaintiff Story lives.

31. The officers directed the guests who had left the party to clear the hallway and go back inside Plaintiff Story's apartment.

32. The guests complied with this directive and went inside the apartment.

33. As the guests reentered the apartment, Plaintiff Story attempted to close the door to her apartment to separate the celebration inside from the police activity outside.

34. Defendant John Doe Police Officer 1 prevented Plaintiff Story from closing her apartment door by jamming his nightstick between the doorpost and door.

35. Plaintiff Story continued trying to close the door, but Defendant John Doe Police Officer 1 resisted her efforts and used force to push the door open.

36. Plaintiff Story did not consent to Defendant John Doe Police Officer 1 opening her door.

37. Defendant John Doe Police Officer 1 pushed the door with such force that he caused the door and/or door knob to injure Plaintiff Story's fingers and arm, and the door itself to injure her knee.

38. Defendant John Doe Police Officer 1 opened the door so violently that it smashed and dented the doorknob of a closet inside of the apartment.

39. After Defendant John Doe Police Officer 1 forced the door open, numerous Officer Defendants, both in uniform and plain clothes, rushed inside of the apartment.

40. The Officer Defendants who entered the apartment did not have a warrant.

41. The Officer Defendants who entered the apartment did not have consent to enter.

42. No exigent circumstances justified the Officer Defendants' entry into the apartment without a warrant.

43. Once inside the apartment, the Officer Defendants attempted to enter the apartment hallway leading to the family's private bedrooms.

44. Plaintiff K.S.H., an honors student who was fifteen years old at the time, knew that young children were playing in the bedrooms and he did not want those children to be traumatized by police officers rushing into their rooms.

45. Plaintiff K.S.H. stood in the hallway and instructed the Officer Defendants not to proceed into the rooms where the young children were located.

46. The Officer Defendants had no lawful basis for being in the apartment in the first place, let alone for attempting to enter and search private bedrooms.

47. In order to gain access to the family's private bedrooms, Defendant John Doe Police Officer 2 punched Plaintiff K.S.H. in the face.

48. Plaintiff K.S.H. was punched with such force that it left a visible mark on his face and, upon information and belief, caused him to suffer a concussion.

49. Officer Defendants rushed into the family's private bedrooms and began searching them.

50. At least two officers entered the bedroom where Plaintiff K.M.H., who was nine years old at the time, was playing with her cousin, who was the same age.

51. The officers began pulling clothing from Plaintiff K.M.H.'s closet and throwing the clothing on the floor.

52. Plaintiff K.M.H., who has asthma, was terrified by these actions and the Officer Defendants' sudden intrusion, and she suffered an asthma attack as a result.

53. During or after the search of Plaintiff K.M.H.'s room, Officer Defendants entered the kitchen of the apartment.

54. Plaintiff K.W., who was sixteen years old at the time, was present in the kitchen.

55. Plaintiff K.W. was extremely upset by the events in the apartment and the Officer Defendants' intrusion, and she used her cell phone to call her mother (who lived in the Bronx) to request that her mother pick her up and take her home.

56. Without any provocation by Plaintiff K.W., who was speaking to her mother and not interacting with the Officer Defendants, Defendant John Doe Police Officer 3 grabbed Plaintiff K.W. for no reason and caused her phone to fall.

57. Defendant John Doe Police Officer 3 then punched Plaintiff K.W. in the eye with such force that she fell to the ground.

58. After Plaintiff K.W. fell to the ground, Defendant John Doe Police Officer 3 and Defendant John Doe Police Officer 4 stepped on and/or kicked her while she lay helplessly on the floor.

59. The kicks and/or pressure from the Officer Defendants caused pain and bruising to Plaintiff K.W.'s legs.

60. As Defendant John Doe Police Officers 3 and 4 attacked Plaintiff K.W., another Officer Defendant was so concerned by what he was witnessing that the Officer Defendant

.
.

advised his colleagues that Plaintiff K.W. had done nothing wrong and that the attacking officers should leave her alone.

61. Defendant John Doe Police Officers 3 and 4 eventually left Plaintiff K.W. alone, but not before she suffered bodily injury and substantial pain.

62. While unlawfully present in Plaintiff Story's apartment, the Officer Defendants gratuitously ripped from the walls honors, awards, and recognitions that Plaintiff Story's children had received for outstanding academic performance and other personal achievements.

63. These valuable items were removed and destroyed by the Officer Defendants for no reason whatsoever, causing Plaintiff Story's family substantial emotional distress.

64. The Officer Defendants also caused the destruction of other property in the apartment including Plaintiff Story's kitchen table and dishes and glasses that were on the table.

65. Plaintiffs filed sworn Notices of Claim within 90 days after the claims alleged herein arose. The notices were served on Defendants by hand on or about June 20, 2017.

66. Plaintiffs sat for 50-h depositions on October 4, 2017.

67. At least 30 days have elapsed since service of the Notices of Claim, and adjustment or payment of the claims has been neglected or refused.

**FIRST CAUSE OF ACTION**
**(Excessive Force under 42 U.S.C. § 1983)**
**(By Plaintiffs Story, K.S.H, and K.W. Against the Officer Defendants)**

68. Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

69. At all relevant times, the Officer Defendants were acting under color of state law.

70. The level of force employed by the Officer Defendants was excessive, objectively unreasonable and otherwise in violation of Plaintiffs' constitutional rights.

71. As a result of the aforementioned conduct of Defendants, Plaintiffs Story, K.S.H., and K.W. were subjected to excessive force and sustained damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (Unlawful Entry and Search under 42 U.S.C. § 1983)
### (By Plaintiffs Story, K.S.H., and K.M.H. Against the Officer Defendants)

72. Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

73. The Officer Defendants entered the home where Plaintiffs Story, K.S.H., and K.M.H. reside without a warrant and conducted an unlawful search of the premises.

74. At the time of the warrantless entry, the police had no reason to believe that exigent circumstances existed nor did they have any other legal justification for entering the premises.

75. Nobody consented to the Officer Defendants entering the premises.

76. The Officer Defendants searched through Plaintiffs' personal belongings once inside the home, despite the absence of any justification for them doing so.

77. As a direct and proximate result of this unlawful search, Plaintiffs Courtney Story, K.S.H., and K.M.H. have suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)
### (By All Plaintiffs Against the Officer Defendants)

78. Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

79. The Officer Defendants had an affirmative duty to intervene on behalf of Plaintiffs Story, K.S.H., K.M.H., and K.W., whose constitutional rights were being violated in their presence by other officers.

80. The Officer Defendants failed to intervene to prevent the unlawful conduct described herein.

81. As a result of the foregoing, Plaintiffs Story, K.S.H., and K.M.H. were subjected to an unlawful entry and search, and Plaintiffs Story, K.S.H., and K.W. were subjected to the use of excessive force.

82. As a direct and proximate result of this failure to intervene, Plaintiffs suffered damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(Assault)**
**(By All Plaintiffs Against All Defendants)**

83. Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

84. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiffs, in that the Officer Defendants had the real or apparent ability to cause imminent harmful and/or offensive bodily contact to Plaintiffs, and intentionally did violent and/or menacing acts, which threatened such contact to Plaintiffs, and such acts caused apprehension of such contact in Plaintiffs.

85. At all relevant times, the Officer Defendants were employees of Defendant City acting within the scope of their employment. Defendant City is therefore liable for the officers' wrongdoing under the doctrine of *respondeat superior*.

86. As a direct and proximate result of this assault, Plaintiffs have suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Battery)
### (By Plaintiffs Story, K.S.H., and K.W. Against All Defendants)

87. Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

88. The Officer Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiffs Story, K.S.H., and K.W. by making offensive bodily, without the consent of those Plaintiffs, and with the intent to cause harmful and/or offensive bodily contact.

89. At all relevant times, the Officer Defendants were employees of Defendant City acting within the scope of their employment. Defendant City is therefore liable for the officers' wrongdoing under the doctrine of *respondeat superior*.

90. As a direct and proximate result of this battery, Plaintiffs Story, K.S.H., and K.W. have suffered damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (Negligent Screening, Hiring and Retention)
### (By All Plaintiffs Against City of New York)

91. Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

92. Defendant City, through the NYPD, owed Plaintiffs a duty of care to prevent the physical and mental abuse Plaintiffs suffered at the hands of City employees.

93. Upon information and belief, Defendant City, through the NYPD, owed this duty of care to Plaintiffs because under the same or similar circumstances, a reasonable, prudent, and

careful person would have anticipated that the Officer Defendants' conduct was likely to result in an injury to Plaintiffs or similarly situated persons.

94. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

95. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were not fit for duty and were potentially dangerous.

96. Upon information and belief, Defendant City's negligence in screening, hiring and retaining the Officer Defendants directly and proximately caused Plaintiffs' injuries.

97. As a direct and proximate result of this negligence, Plaintiffs have suffered damages in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**(New York State Constitution, Article I, § 12)**
**(By All Plaintiffs Against All Defendants)**

98. Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

99. By using excessive force against Plaintiffs Story, K.S.H., and K.W. the Officer Defendants deprived Plaintiffs Story, K.S.H., and K.W. of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 12 of the New York Constitution.

100. As a result of Defendants' conduct, Plaintiffs Story, K.S.H., and K.M.H. were deprived of their right to security against unreasonable searches, seizures, and interceptions.

101. In addition, the Officer Defendants conspired among themselves to deprive Plaintiffs of their constitutional rights secured by Article I, § 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

102. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were without authority of law and in abuse of their powers, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiffs of their constitutional rights secured by Article I, § 12 of the New York Constitution.

103. The Officer Defendants were responsible for the deprivation of Plaintiffs' state constitutional rights.

104. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

105. As a direct and proximate result of this violation of Plaintiffs' state constitutional rights, Plaintiffs suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants as follows:

a. Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, family and social disruption and other harm, in an amount to be determined at trial;

b. Awarding punitive damages in an amount to be determined at trial;

c. Awarding pre- and post-judgment interest, attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

d.  Awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 19, 2018

By: _____
Alexander Goldenberg (AG 1128)
Eric Hecker (EH 0989)

CUTI HECKER WANG LLP
305 Broadway, Suite 607
New York, New York 10007
(212) 620-2600
agoldenberg@chwllp.com
ehecker@chwllp.com

*Attorneys for Plaintiffs*